UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**ORIBEL K. MARTINEZ, an individual**

    Plaintiff,

                                                                                                                                   **CIVIL DIVISION**

    vs.

**EXPERIAN INFORMATION SOLUTIONS, INC.
TRANSUNION, LLC.
SOUTHEAST TOYOTA FINANCE DBA
WORLD OMNI FINANCIAL CORP.**

    **Defendants,**
_____/

# COMPLAINT

Plaintiff**, ORIBEL K. MARTINEZ,** on behalf of herself, through the undersigned attorneys, files this Complaint against **EXPERIAN INFORMATION SOLUTIONS, INC. (herein "EXPERIAN"), TRANSUNION, LLC. (herein "TRANSUNION"), SOUTHEAST TOYOTA FINANCE dba WORLD OMNI FINANCIAL CORP. (herein "TOYOTA"),** and states as follows**:**

### A. JURISDICTION AND VENUE

1. This is an action for damages brought by and individual consumer against the defendants for violations of the Fair Credit Reporting Act (herein the "FCRA") 15 U. S. C. § 1681 et seq., as amended.

2. At all times material hereto, Plaintiff is a resident of Miami-Dade County, FL.

3. This court has subject matter jurisdiction over this matter pursuant to 15 U. S. C. § 1681*p*. Venue in this judicial district and many of the facts relevant to this Complaint occurred in this judicial district.

## B. PARTIES

4. The Plaintiff, **ORIBEL K. MARTINEZ**, is an adult individual presently residing in Miami, FL. Plaintiff is a "consumer" as defined by Section 1681*a*(c) of the FCRA.

5. The Defendant, **EXPERIAN** is a business entity that regularly conducts business through out every state and county in the United States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida. **EXPERIAN** is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). **EXPERIAN** is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. The Defendant, **TRANSUNION** is a business entity that regularly conducts business through out every state and county in the United States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida. **TRANSUNION** is a "consumer reporting agency", as defined in

15 U.S.C. §1681(f).  **TRANSUNION** is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

7. The Defendant **SOUTHEAST TOYOTA FINANCE dba of WOFC** is a business entity that regularly conducts business in the State of Florida and, as such, is a citizen of the State of Florida.  This Defendant is also a furnisher of information as stated in 15 U. S. C. §1681.

## B.  VENUE

8. The venue is proper in this Court based upon the following:

   a. The violations of the FCRA/FDCPA alleged below occurred and/or were committed in **Miami Dade** County, Florida.

   b. At all times material hereto, Defendants, were and continue to be corporations engaged in the business and/or activity of reporting under the FCRA in **Miami Dade** County, Florida and as such are citizens of the State of Florida.

9. Plaintiff, **ORIBEL K. MARTINEZ,** (hereinafter "Plaintiff"), is an individual residing in the State of Florida, and is a "consumer" as that term is defined by 15 U. S. C. § 1681 et seq., as amended and 15 U.S.C. § 1692 et seq.

10. All Defendants are business entities which regularly conduct business throughout most every state and county in the United States; as corporations that conduct business in the State of Florida, they are all citizens of the State of Florida.

### C. FACTS COMMON TO ALL COUNTS

11. Plaintiff is an individual consumer as defined by the FCRA §1681, et seq., as amended. Plaintiff is alleged to have incurred a financial obligation for primarily personal, family or household purposes.

12. On or about December 2015, Plaintiff purchased a vehicle, specifically a used 2014 Toyota Prius from **KENDALL TOYOTA**.

13. At the time Plaintiff purchased the vehicle, she also purchased GAP insurance.

14. The vehicle was financed by Defendant **SOUTHEAST TOYOTA FINANCE** financing company and the Plaintiff made timely monthly payments.

15. In March 13th, 2016, said vehicle was involved in a car accident and declared a total loss.

16. Plaintiff filed an insurance claim and notified the financing company.

17. On or about May 19th, 2016, the vehicle was picked up from Plaintiff's home and reported as a charge off and/or repossession.

18. Thereafter, Plaintiff sent a certified letter to **EXPERIAN, TRANSUNION and EQUIFAX** on or about December 14th, 2020, letting them know that the 2014 TOYOTA was involved in a car accident which she was not at fault and the vehicle was totaled. Plaintiff's car was repossessed while the claim was being processed. In said dispute letter she mentioned she had Gap insurance to cover any balance owed. She asked her credit report be corrected as the repossession did not belong on her credit report.

**19.** On or about December 28, 2020, **EXPERIAN** received this letter via certified mail.

20. Defendant **EXPERIAN**, failed to conduct any type of investigation, and failed to delete the **TOYOTA** account #11000000346*** reported as a "repossession" from Plaintiff's credit report.

21. On or about January 22nd, 2021, **TRANSUNION** received this letter via certified mail.

22. Defendant **TRANSUNION**, failed to conduct any type of investigation, and failed to delete the **TOYOTA** account

#11000000346*** reported as a "repossession" from Plaintiff's credit report.

23. On or about December January 22nd, 2020, **EQUIFAX** received this letter via certified mail.

24. Defendant **EQUIFAX** conducted an investigation and responded to Plaintiff's dispute stating that "the item is not currently reporting on the **EQUIFAX** credit file", therefore, the **TOYOTA** account was corrected on Plaintiff's credit report.

25. Again on February 2nd, 2021, Plaintiff sent a letter to **EXPERIAN and TRANSUNION** letting them know that she had not received a response to her letter dated December 2020. She again asked they conduct an investigation and correct her credit report.

26. On or about February 23rd, 2021, **EXPERIAN** received this dispute letter via certified mail.

27. Defendant **EXPERIAN**, failed to conduct any type of investigation, and failed to delete the **TOYOTA** account #11000000346*** reported as a "repossession" from Plaintiff's credit report.

28. On or about February 25th, 2021, **TRANSUNION** received this dispute letter via certified mail.

29. Defendant **TRANSUNION**, failed to conduct any type of investigation, and failed to delete the TOYOTA account #11000000346*** reported as a "repossession" from Plaintiff's credit report.

30. On or about date April 27th, 2021, Plaintiff sent another set of dispute letters via certified mail/return receipt to **EXPERIAN, TRANSUNION** and **EQUIFAX** including her personal identification, Gap insurance information and the Florida Traffic Crash Report and a copy of her previous letter dated February 2nd, 2021. In said letter Plaintiff again asked they conduct an investigation.

31. Defendant **EXPERIAN** received this dispute letter via certified mail/return receipt on or about May 19th, 2021.

32. Defendant **EXPERIAN** again did not respond to Plaintiff's request, failed to conduct any type of investigation, and failed to delete the **TOYOTA** account #11000000346*** reported "repossession" from Plaintiff's credit report.

33. Defendant **TRANSUNION** received this dispute letter via certified mail/return receipt on or about May 18th, 2021.

34. Defendant **TRANSUNION** conducted an investigation and responded to Plaintiff's dispute as follows "disputed information updated" " A change was made to the item(s) based on your dispute and other information has also

changed" and continue to report the **TOYOTA** account #11000000346*** as a charge off.

35. Plaintiff has been damaged because this misleading information and/or error has impaired his ability to build his credit worthiness. Defendants have reflected credit information which is incorrect, inaccurate, misleading, and/or false.

36. The acts of Defendants mentioned above were done and performed willfully, wantonly, and maliciously without regard to their effect on Plaintiff.

37. Plaintiff has suffered severe pain and distress of body and mind, and great mental anguish, embarrassment, humiliation, and shame.

38. Plaintiff has been required to employ the undersigned counsel to represent plaintiff against the willful, wanton, malicious, and wrongful acts of Defendants mentioned above, and has agreed to pay counsel a reasonable attorney fee.

39. Plaintiff has incurred, and will continue to incur, additional expenses in the prosecution of this law suit, including court costs, telephone calls, and other expenses, all to Plaintiff's further damage.

## D. CAUSES OF ACTION

### **COUNT ONE**

**VIOLATION OF THE
Fair Credit Reporting Act by
Defendant EXPERIAN and TRANSUNION
15 U.S.C § 1681, et seq.**

40. Plaintiff incorporates paragraphs 1 through 39 as though fully stated herein.

41. In the entire course of its actions Defendants **EXPERIAN** and **TRANSUNION** willfully and/or negligently violated the provisions of the FCRA in the following respects:

   a. By willfully and/or negligently failing, in the preparations of the consumer reports concerning Plaintiff to follow reasonable procedures to assure maximum possible accuracy of the information in the report.

   b. By willfully and/or negligently failing, to disclose the nature and substance of all information in its files on the plaintiff at the time of the request in violation of § 1681g(a)(1) of the FCRA.

   c. By willfully and/or negligently failing, to delete incomplete and inaccurate information on Plaintiff's file after conducting a reinvestigation, in violation of § 1681i(a) of the FCRA.

d. By willfully and/or negligently failing, to contact the sources suggested by Plaintiff during the reinvestigation in violation of § 1681i(a) of the FCRA.

e. By willfully and/or negligently failing, to provide subsequent users of the report with Plaintiffs statement of dispute or a summary thereof, in violation of § 1681i(c) of the FCRA.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendants **EXPERIAN and TRANSUNION** for:

*For an award of actual damages;

*For an award of statutory damages;

*For an award of Punitive damages;

*For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o against the Defendant; and

### COUNT TWO

### VIOLATION OF FCRA 15 U.S.C § 1681s-2(b) BY SOUTHEAST TOYOTA FINANCE dba WORLD OMNI FINANCIAL CORP.

42. Plaintiff incorporates paragraphs 1 through 39 as though fully stated herein.

43. At all times pertinent here to, this Defendant "**SOUTHEAST TOYOTA FINANCE dba of WOFC**" was a "person" as that term is defined by 15 U. S. C. § 1681a(b) and "furnisher" of information to the credit reporting agencies.

44. This Defendant violated § 1681n and § 1681o of the FCRA by engaging in the following conduct that violates 15 U. S. C. § 1681s(2)(b). In the entire course of its actions Defendant willfully and/or negligently violated these provisions of the FCRA in the following respects:

   a. By willfully and/or negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. By willfully and/or negligently failing, to review all relevant information concerning Plaintiff's account provided to this Defendant;

   c. By willfully and/or negligently failing, to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   d. By willfully and/or negligently failing to delete incomplete and inaccurate information on Plaintiff's file after conducting an investigation.

   e. By willfully and/or negligently failing, to properly participate, investigate and comply with the re-

investigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by plaintiff.

f. By willfully and/or negligently continuing to furnish and disseminate inaccurate and derogatory credit, account , and other information concerning the plaintiff to credit reporting agencies and other entities despite knowing that said information was false or inaccurate.

g. By willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U. S. C. § 1681s-2(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against these Defendants for:

*For an award of actual damages;

*For an award of statutory damages;

*For an award of Punitive damages;

*For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o against the Defendant; and

## E. JURY TRIAL DEMAND

Plaintiff is entitled to and hereby demands a Trial by Jury under Florida Law and as stated in the US Const. Amend. 7 and Fed. R. Civ. Pro. 38.

Dated and filed this 11th day of February of 2022.

                                  Respectfully submitted,
                                  Law Offices of
                                  **SAMIRA GHAZAL, PA.**
                                  Attorney for Plaintiff
                                  1200 Brickell Avenue
                                  Suite 520
                                  Miami, FL 33131
                                  Tel. 305.860.1221
                                  Samira@Samiraghazal.com

                                  /S/Samira Ghazal
                                  File by: Samira Ghazal, ESQ.
                                  FBN: 0864617